Hyung S. Choi, State Bar 015669
Veronika Fabian, State Bar 018770
CHOI & FABIAN, PLC
90 S. Kyrene Rd., Suite #5
Chandler, Arizona 85226
tel: (480) 517-1400
fax: (480) 517-6955
Flagstaff: (928) 779-2226
hyung@choianfabian.com
veronika@choiandfabian.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kelly Nicole Cantu, <br><br> Plaintiff, <br> vs. <br><br> Stuart-Lippman and Associates, Inc., f/k/a or a/k/a Stuart Allan and Associates, Inc., <br><br> Defendant. | NO. <br><br> **COMPLAINT** |

**INTRODUCTION**

1. Plaintiff's sister was involved in an accident with a State Farm insured driver. State Farm apparently seeks to recover payments it made to its insured. On June 5, 2015, Defendant debt collector impermissibly accessed Plaintiff's Experian credit file. On June 9, 2015, Defendant debt collector sent a letter to Plaintiff demanding conflicting amounts ($109,926.62 or $31,725.62). Plaintiff brings

this case to remedy Defendant's impermissible access of Plaintiff's credit information in violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 which confers jurisdiction over Fair Credit Reporting Act ("FCRA") claims without regard to the amount in controversy.  The sole claim asserted in this case is for violations of the Fair Credit Reporting Act.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681*p*.

## VENUE

3. Venue is proper in the this District Court pursuant to 28 U.S.C. §1337 because Defendant's principal place of business is located at 5447 E. 5th Street, Suite 110, Tucson, Arizona 85711.

## PARTIES

4. Plaintiff is Kelly Nicole Cantu (hereinafter referred to as "Plaintiff"), who was an individual residing in San Antonio, Bexar County, Texas when the harm arose.

5. Plaintiff now resides in Ocean County, New Jersey.

6. Plaintiff is a consumer as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

7. Based on information and belief, Defendant Stuart-Lippman and Associates, Inc. ("SLA" or "Defendant"), is either the alternate trade name of or successor in interest to Stuart Allan and Associates ("Stuart Allan"), and is a for-profit corporation incorporated pursuant to the laws of Arizona with its principal place of business at 5447 E. 5th Street, Suite 110, Tucson, Arizona 85711.

**FACTS**

8. On January 1, 2015, Plaintiff's sister was in a car accident while driving a vehicle.

9. The car was titled in Plaintiff's name, but Plaintiff had transferred the vehicle to her sister on the express conditions that she obtain liability insurance and transfer the title into her own name.

10. The driver of the other vehicle in the accident, Ms. Bertha Alicia Fuentes, was insured by State Farm Mutual Auto Insurance Company ("State Farm").

11. State Farm appears to have paid certain insurance benefits to Ms. Fuentes.

12. State Farm appears to claim Plaintiff owes it money pursuant to subrogation clause of the policy it issued to Ms. Fuentes.

13. State Farm engaged SLA to seek collection of the subrogation claim from Plaintiff.

14. On information and belief, Defendant Stuart-Lippmann now stands in the shoes of Stuart Allan either as Stuart Allan's alternate trade name or as its successor-in-interest.

15. Plaintiff does not have, and never has had, any debtor-creditor relationship with SLA.

16. Notwithstanding the fact that there has never been any debtor-creditor relationship between Plaintiff and SLA, or between Plaintiff and State Farm, SLA accessed Plaintiff's credit file from Experian Information Solutions, Inc. (hereinafter referred to as "Experian") on June 5th, 2015.  (Exhibit A).

17. Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681a(f).

18. In connection therewith Experian acts as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to third parties.

19. On information and belief, SLA is a subscriber and user of consumer reports issued by Experian.

20. On information and belief, SLA also furnishes data about its experiences with consumers with whom it transacts business to Experian.

21. On information and belief, SLA is a furnisher of information as contemplated by the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer.

22. On June 5, 2015, SLA accessed the contents of Plaintiff's credit file from Experian, doing what is colloquially known as a "hard pull", or viewing the Plaintiff's entire credit history.

23. In connection therewith, SLA made a general or specific certification to Experian that Defendant sought the information because it had a legitimate business need for the information in connection with a business transaction initiated by Plaintiff or to review an account to determine whether Plaintiff continued to meet the terms of said account.

24. On June 9, 2015, using the information contained within the impermissibly accessed credit file, SLA sent a demand letter to Plaintiff demanding conflicting amounts ($109,926.62 or $31,725.62).  (Exhibit B).

### CAUSE OF ACTION NO. 1: VIOLATION OF THE FCRA

25. Plaintiff hereby re-alleges and incorporates herein by this reference the allegations set forth in Paragraphs No. 1 through 23 of this Complaint.

26. SLA is a "person" as that term is defined in 15 U.S.C. §1681a (b).

27. The FCRA establishes very specific rules placing limitations upon an entity (or "person") seeking to obtain a consumer's credit history or the content of a consumer's credit file, as follows:

   (f)   Certain use or obtaining of information prohibited. - A person shall not use or obtain a consumer report for any purpose unless -

    (1)    the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

    (2)    the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. §1681b(f).

28. Section1681 b(a)(3) of the FCRA lists the all-inclusive purposes for which a consumer report can be obtained, as follows:

(a)    In General. - * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:

\*\*\*

    (3)    To a person which it has reason to believe -

        (A)    intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

\*\*\*

        (F)    otherwise has a legitimate business need for the information - (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

29. The claim for which SLA sought collection is a subrogation claim, having nothing to do with any permissible purpose as set forth under the FCRA.

30. SLA had actual knowledge that it had no permissible purpose to obtain Plaintiff's credit information from Experian.

6

31. For SLA to access the consumer credit history of a consumer whom is known by it to not have any account with SLA constitutes willful non-compliance with the FCRA.

32. As a direct and proximate result of SLA's willful conduct as outlined above, Plaintiff is entitled to $100-$1000 in statutory damages, plus punitive damages and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. §1681n.

33. Alternatively, the impermissible access of Plaintiff's credit information constitutes a negligent violation as set forth in 15 U.S.C. §1681o. In this regard, Plaintiff is entitled to recover her actual damages in an amount to be proven at trial, plus attorney's fees together with the costs of this action.

## JURY DEMAND

34. Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter Judgment in her favor and against Defendants for the following:

    a. Actual damages,

    b. Statutory damages,

    c. Punitive damages,

    d. Attorney's fees and costs;

e.  Interest on the judgment rendered herein at the maximum lawful rate from the date of its rendition until paid in full; and,

f.  Such other and further relief as this Court deems just and proper.

DATED this 15th of January, 2016.

                    CHOI & FABIAN, PLC

                    By: */s/ Hyung S. Choi*
                    Hyung S. Choi
                    Attorneys for Plaintiff